UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER STEPHEN JONES, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | No.: 3:23-cv-9-KAC-DCP |
| v. | ) | |
| | ) | |
| STATE OF TENNESSEE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Plaintiff Christopher Stephen Jones is a prisoner in the custody of the Tennessee Department of Correction ("TDOC") currently housed in the Hardeman County Correctional Facility, who is proceeding pro se. Plaintiff filed a "Class Action Complaint" under the Fair Labor Standards Act ("FLSA"), the Consumer Credit Protection Act, the Internal Revenue Code, 42 U.S.C. § 1983, and various other federal laws [Doc. 2 at 2]. Plaintiff's Complaint is accompanied by: (1) a motion for leave to proceed *in forma pauperis* [Doc. 1]; (2) a "Motion to Delay Initial Review Until Finality of Pending Litigation and Possible Subsequent Appellate Proceedings" [Doc. 3]; (3) a "Motion for the Appointment of Labor and Tax Law Specialist Class Action Counsel" [Doc. 4]; and (4) a "Motion for Writ of Mandamus to Compel the Secretary of Labor of the United States Department of Labor to Perform Codified Duty to Plaintiff[] and Those Similarly Situated" [Doc. 5].

Under the Prison Litigation Reform Act ("PLRA"), this district court must screen a prisoner's complaint and *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant that is immune. *See, e.g.,* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). Plaintiff filed a "Class Action

Complaint" that exceeds 100 typewritten pages and attempts to reallege claims that are barred by res judicata. For the reasons set forth below, the Court (1) **GRANTS** Plaintiff's motion to proceed *in forma pauperis*, (2) **DENIES** Plaintiff's remaining motions, and (3) **ORDERS** Plaintiff to file an Amended Complaint if he wishes to proceed on any claims that remain.

I.      **MOTION TO PROCEED** *IN FORMA PAUPERIS*

Under the PLRA, a prisoner who files a complaint in a district court must tender the full filing fee *or* he must file (1) an application to proceed *in forma pauperis* without prepayment of fees *and* (2) a certified copy of his inmate trust account for the previous six-month period (or institutional equivalent). 28 U.S.C. § 1915(a)(2). Plaintiff has not paid the required $402.00 filing fee, nor has he submitted a certified copy of his inmate trust account for the previous six-month period. However, he avers that he has attempted to obtain the relevant information from his custodians and has been unsuccessful in doing so [Doc. 1 at 6]. And in an attempt to comply with the statute's requirements, he submitted a print-out of his inmate trust-fund account information from November 10, 2021 through December 15, 2022 [*Id.* at 7-16]. The information Plaintiff submitted is sufficient and thorough enough to constitute the institutional equivalent of a certified inmate accounting. *See* 28 U.S.C. § 1915(a)(2). That information shows that Plaintiff lacks the financial resources to pay the filing fee in this case. Accordingly, pursuant to 28 U.S.C. § 1915, the Court **GRANTS** Plaintiff's motion [Doc. 1] to proceed *in forma pauperis*.

Plaintiff is **ASSESSED** the civil filing fee of $350.00. The Court **DIRECTS** the custodian of Plaintiff's inmate trust account to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee 37902, twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty

2

dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

To ensure compliance with this fee-collection procedure, the Court **DIRECTS** the Clerk to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined. The Court also **DIRECTS** the Clerk to furnish a copy of this Memorandum and Order to the Court's financial deputy. This Memorandum and Order **SHALL** be placed in Plaintiff's prison file and follow him if he is transferred to another correctional institution.

## II. MOTION TO DELAY REVIEW

Plaintiff asks the Court to delay an initial review of this case pending resolution of his motion for reconsideration in *Jones v. Tennessee*, No. 3:21-cv-123-KAC-DCP (E.D. Tenn. 2022) and, if necessary, any subsequent appellate proceedings, because resolution of that action "could [] moot the necessity of this claim and associated filings in their entirety . . . ." [Doc. 3 at 2]. The doctrine of res judicata prevents "the parties [to an action] and their privies from relitigating in a subsequent proceeding a controversy or issue already decided by a prior valid judgment and from litigating piecemeal the same controversy." *Westwood Chem. Co., Inc. v. Kulick*, 656 F.2d 1224, 1229 (6th Cir. 1981). The doctrine encompasses two related concepts: claim preclusion and issue preclusion. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990); *Taylor v. Reynolds*, 22 F. App'x 537, 538-39 (6th Cir. 2001).

Claim preclusion provides that "a final judgment on the merits in an action precludes a party from bringing a subsequent lawsuit on the same claim or cause of action or raising a new defense to defeat a prior judgment. It precludes not only relitigating a claim or cause of action previously adjudicated, it also precludes litigating a claim or defense that should have been raised,

3

but was not, in a claim or cause of action previously adjudicated." *Gargallo*, 918 F.2d at 660-61 (internal citation and citation omitted). "Under issue preclusion, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in subsequent suits based on a different cause of action involving any party to the prior litigation." *Taylor*, 22 F. App'x at 538-39 (citing *Montana v. United States*, 440 U.S. 147, 153-54 (1979)).

In a prior suit, Plaintiff complained that "the state-sanctioned collection of funds from his inmate account to pay the costs of his criminal prosecution violates federal law, state law, and the Constitution" [*See, generally*, Case No. 3:21-cv-123 (E.D. Tenn.), Docs. 30, 81 at 1]. In an argument than spans over fifty (50) pages, Plaintiff attempts to relitigate these same claims in the instant action [*Compare* Doc. 2 *with* Case No. 3:21-cv-123, Doc. 30]. This Court rejected Plaintiff's claims on their merits in Plaintiff's prior action, and the doctrine of res judicata precludes Plaintiff from relitigating those claims anew in this action. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981) (noting that dismissal for failure to state a claim upon which relief may be granted qualifies as a decision on the merits); *Allen v. McCurry*, 449 U.S. 90, 94 (1980) (holding that a party cannot relitigate essential issues that were actually adjudicated in a prior case involving a party to that case). Accordingly, there is no just reason for the Court to delay review of this action. The Court, therefore, **DENIES** Plaintiff's "Motion to Delay Initial Review Until Finality of Pending Litigation and Possible Subsequent Appellate Proceedings" [Doc. 3].

## III. MOTION FOR CLASS CERTIFICATION

Plaintiff titled his Complaint a "Class Action Complaint" [Doc. 2 at 1]. The Court construes this pro se assertion as a request for class certification. *See* Fed. R. Civ. P. 23(c)(1). For a case to proceed as a class action, several requirements must be met, including that "the

4

representative parties will fairly and adequately protect the interests" of any class that may be certified. *See* Fed. R. Civ. P. 23(a)(4). Plaintiff, who is proceeding pro so, intends to represent a class consisting of all inmates who have been convicted of a crime in a Tennessee criminal court [*See* Doc. 2 at 4-5].[1]

The Sixth Circuit has long held that pro se inmates are "not able adequately to represent [a] proposed class." *Heard v. Caruso*, 351 F. App'x 1, 12 (6th Cir. 2009) (citing *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("Ability to protect the interests of the class depends in part on the quality of counsel, and we consider the competence of a layman representing himself to be clearly too limited to allow him to risk the rights of others.")); *see also Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008); *Ziegler v. Michigan*, 59 F. App'x 622, 624 (6th Cir. 2003); *Palasty v. Hawk*, 15 F. App'x 197, 200 (6th Cir. 2001); *Howard v. Dougan*, No. 99-2232, 2000 WL 876770, at *1 (6th Cir. June 23, 2000). Plaintiff, who is proceeding pro se, cannot adequately represent a proposed class as a matter of law. Accordingly, the Court **DENIES** Plaintiff's motion for class certification.

## IV. MOTION TO APPOINT COUNSEL

Plaintiff relatedly asks the Court "for the appointment of counsel with specialty in labor and tax law as-well-as class action experience against state governmental entities[]" [Doc. 4]. But the Court has denied class certification and determined that Plaintiff may not use this action to pursue anew his claims regarding the collection of funds from his inmate account. Therefore, it is not appropriate to appoint counsel to address these matters.

---

[1] Plaintiff maintains that indigent inmates in TDOC custody and those who have entered into contracts with Tennessee Rehabilitative Initiative in Correction ("TRICOR") are potential parties to this action [*See* Doc. 2 at 5]. However, it appears that these inmates are a subset of the overarching identified class—all inmates convicted of a crime in a Tennessee criminal court.

Otherwise, 28 U.S.C. § 1915 provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1) (emphasis added.) However, "[a]ppointment of counsel in a civil case is not a constitutional right[,]" but a "privilege that is justified only by exceptional circumstances." *Lavado v. Keohane*, 992 F. 2d 601, 605-06 (6th Cir. 1993) (internal citations omitted). The Court considers "the complexity of the case and the ability of the plaintiff to represent himself." *Cavin v. Michigan Department of Corrections*, 927 F.3d 455, 461 (6th Cir. 2019) (citing *Lavado*, 992 F.2d 601). Plaintiff's filings in this case indicate that he is capable of adequately representing himself in his remaining claims, which are not particularly complex. Accordingly, the Court **DENIES** Plaintiff's "Motion for the Appointment of Labor and Tax Law Specialist Class Action Counsel" [Doc. 4].

V. **MOTION FOR WRIT OF MANDAMUS**

Plaintiff next moves the Court for a writ of mandamus to compel the "Secretary of Labor" "in the Hour[] and Wage[] Division of the United States Department of Labor to perform their duty" in enforcing federal wage-garnishment and whistleblower laws [Doc. 5 at 1]. Under 28 U.S.C. § 1361, "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." However, "[t]he remedy of mandamus is a drastic one, to be invoked only in extraordinary situations." *Kerr v. U.S. Dist. Court for N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). Here, Plaintiff's request for mandamus relief relates to the garnishment of his inmate account to pay his court costs, a matter that is the subject of a separate suit currently proceeding before this Court. That separate suit and the ongoing judicial process will address the garnishment of Plaintiff's inmate account. Therefore, this is not an "extraordinary situation[]" where mandamus is appropriate to order a Cabinet Secretary to perform a duty owed to Plaintiff. *See*

6

*Kerr*, 426 U.S. at 402. Accordingly, the Court **DENIES** Plaintiff's "Motion for Writ of Mandamus to Compel the Secretary of Labor of the United States Department of Labor to Perform Codified Duty to Plaintiff[] and Those Similarly Situated" [Doc. 5].

## VI. AMENDED COMPLAINT

Finally, Federal Rule of Civil Procedure 8 requires that a complaint contain "a short and plain statement of the claim" supported by allegations that are "simple, concise, and direct." Fed. R. Civ. P. 8(a), (d). Here, Plaintiff's Complaint spans over 100 typewritten pages, and as noted above, at least fifty (50) of those pages are devoted to claims that Plaintiff cannot maintain in this action. Plaintiff's remaining claims are buttressed with legal conclusions and citations to the texts of various statutes and regulations that detract from the clarity of the facts allegedly supporting Plaintiff's claims for relief [*See* Doc. 2 at 59-98]. Therefore, Plaintiff's Complaint fails to comport with Rule 8. The Court will, however, give Plaintiff an opportunity to remedy this deficiency.

If Plaintiff wishes to continue with any remaining permissible claim, he **MUST** file a single, comprehensive Amended Complaint within fourteen (14) days of entry of this Memorandum and Order. The Amended Complaint **SHALL NOT** exceed twenty (20) pages in length and **MUST** set forth in concise language any remaining claims and the facts supporting those claims. Plaintiff should inform the Court only of the who, what, when, where, why, and how of his remaining claims. Plaintiff **MUST** refrain from making legal arguments, and, consistent with this Memorandum and Order, he **MUST** refrain from repeating his class action claims or claims related to TDOC's garnishment of his inmate account which are not properly included in this action.

If Plaintiff does not file an Amended Complaint by the deadline that complies with this Order, the Court will **DISMISS** the Complaint for failure to prosecute this action and failure to

comply with an order of the Court. Plaintiff is **NOTIFIED** that this Amended Complaint will be the sole operative complaint that the Court considers. The Amended Complaint **MUST** be complete in and of itself and **MUST NOT** refer to any previously filed allegations or pleadings. The Court **DIRECTS** the Clerk to mail Plaintiff a Section 1983 form for this purpose.

The Court **WILL NOT** consider any further amendments and/or supplements or any other kind of motion for relief in this action until after the Court has received and screened the Amended Complaint pursuant to the PLRA. The Court will complete this screening as soon as practicable. But the Court will automatically deny any requests or motions filed before the Court has completed this screening.

Finally, Plaintiff is **ORDERED** to immediately inform the Court and Defendants or their counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

**SO ORDERED.**

**ENTER:**

                                                       s/ Katherine A. Crytzer
                                                      KATHERINE A. CRYTZER
                                                      United States District Judge