UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER STEPHEN JONES, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No.: 3:23-CV-9-KAC-DCP |
| FRANK STRADA, SHAWN PHILLIPS, BRETT COBBLE, ALLAN LEWIS, TIM MOONEYHAM, JESSICA BROWN, and ZACK KOCZWARA, | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court are a series of motions filed by Plaintiff [Docs. 81, 82, 84, 87, 88] and a Motion filed by Defendants [Doc. 92]. The Court addresses Plaintiff's motions, then Defendants'.

### I. PLAINTIFF'S MOTIONS [Docs. 81, 82, 84, 87, & 88]

*First*, Plaintiff requested a seven-day extension of time within which to respond to Defendants' February 5, 2025 motion [Doc. 81]. But Plaintiff did not make that request until Plaintiff had already filed the document that the February 5 motion addressed [*See* Doc. 79]. And the Court has already granted the February 5 motion and received the Answer as timely filed. Accordingly, the Court **DENIES** this motion [Doc. 81].

*Second*, citing a prolonged delay in receiving certain documents and a failure to receive others, Plaintiff asks the Court to send him a copy of any orders entered on January 16, 2025 and give him with an additional thirty (30) days from postmarking to respond [*See* Doc. 82]. But the Clerk already remailed courtesy copies to Plaintiff on March 3, 2025. Therefore, the Court

**DENIES** as moot the portion of Plaintiff's motion seeking copies. And because Plaintiff has already had time to "respond" to these Orders, [*see* Docs. 89 (filing a purported notice of interlocutory appeal), 106 (denying interlocutory appeal)], the Court likewise **DENIES** as moot the portion of Plaintiff's motion seeking additional time to respond to the Orders.

*Third*, Plaintiff requests through May 7, 2025, to submit his "Notice and Substance of Expert Testimony" under Federal Rule of Civil Procedure 26(a)(2) [Doc. 84]. But the Court's Scheduling Order required Plaintiff to disclose his witnesses and their anticipated testimony by July 7, 2025 [Doc. 77 ¶ 3]. And the Rules provide that expert disclosures need only be made "at least 90 days before the date set for trial or for the case to be ready for trial[.]" Fed. R. Civ. P. 26(a)(2)(D). The trial of this action is not scheduled until December 2, 2025. Therefore, it is not necessary for Plaintiff to seek an extension of time through May 7, 2025, to make any expert disclosures. Accordingly, the Court **DENIES** this Motion [Doc. 84].

*Fourth*, Plaintiff moves the Court, pursuant to Rule 26(a), "to direct Defendants to turn over evidence in their possession as well as employee witness locations," asserting they are "necessary for evidentiary presentation in this case" [Doc. 87]. Defendants oppose this request, asserting, in part, that Plaintiff never sought this discovery and did not attempt to confer with them prior to seeking Court intervention [*See* Doc. 91]. Plaintiff replied, claiming that Defendants cannot or will not disclose the sought discovery due to its nature and that he is entitled to an extension of the discovery deadline since there was a forty-seven-day delay in his receipt of the Scheduling Order [Doc. 93]. But this Court is not the vehicle by which Plaintiff receives discovery. He must seek discovery directly from the Defendants. Moreover, the discovery period in this cause closed on April 7 [*See* Doc. 77 ¶ 1]. And while Plaintiff complains he did not learn of the Court's Scheduling Order until March 10, 2025 [*see* Doc. 93 at 4], he does not explain why

he did not attempt to seek discovery from Defendants then.  Therefore, because Plaintiff's motion is both procedurally improper and untimely filed, the Court **DENIES** the motion[1] [Doc. 87].

***Finally***, Plaintiff filed a Motion under Rule 54(b) to certify "that the subject matter of the ORDER(s) entered: July 6, 2023; March 5, 2024; September 19, 2024; September 30, 2024; and January 16, 2025 are final" [Doc. 88].  Rule 54(b) states, in relevant part that, "[w]hen an action presents more than one claim for relief . . . or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).  However, entry of final judgment under Rule 54(b) is appropriate only in the "infrequent" case where doing so is necessary "as an instrument for the improved administration of justice." *Corrosioneering, Inc. v. Thyssen Environmental Sys., Inc.*, 807 F.2d 1279, 1282 (6th Cir. 1986) (cleaned up).

Rule 54(b) is intended "to strike a balance between the undesirability of more than one appeal in a single action and the need for making review available in multiple-party or multiple-claim situations at a time that best serves the needs of the litigants." *Day v. NLO, Inc.*, 3 F.3d 153, 155 (6th Cir. 1993) (quoting 10 Wright, Miller & Kane, *Federal Practice and Procedure*, § 2654 (1983)).  In striking this balance, the court considers non-exhaustive factors, including:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense and the like.

---

[1] Plaintiff also states that he needs "the address of the courthouse where the trial in this case will be held" [Doc. 87].  The Court's Scheduling Order notified Plaintiff that a jury trial will be held in this case "at the United States District Courthouse, Courtroom 3C, 800 Market Street, Knoxville, Tennessee" [Doc. 77].

3

*Lowery v. Fed. Express Corp.*, 426 F.3d 817, 821-22 (6th Cir. 2005) (citing *Gen. Acquisition, Inc. v. GenCorp, Inc.*, 23 F.3d 1022, 1030 (6th Cir. 1994)).

Here, Plaintiff cites no authoritative caselaw supporting his request for entry of final judgment. Instead, he only lodges a blanket challenge to every substantive order the Court has entered. Thus, he has not provided any basis to conclude that this is a rare case where his request is meritorious. Further, Plaintiff's claims involve overlapping parties, and the similarity of the factual and legal issues between the dismissed claims and pending claims weighs against certification under Rule 54(b). No matter who prevails, the Sixth Circuit would potentially be required to address the same factual matter in two separate appeals. Accordingly, the Court **DENIES** Plaintiff's motion for certification under Rule 54(b) [Doc. 88].

## II. DEFENDANTS' MOTION [Doc. 92]

Moving to Defendants' motion, Defendants sought a seven-day extension of the dispositive motion deadline [Doc. 92]. They assert that an extension is necessary to obtain signatures on affidavits to support their summary judgment motion [*See* Doc. 92 at 1-2]. Because this extension is brief and Plaintiff did not oppose,[2] the Court **GRANTS** the motion [Doc. 92]. *See* E.D. Tenn. L.R. 7.2. The Court receives "Defendants' Motion for Summary Judgment" [Doc. 96] as timely filed.

SO ORDERED.

ENTER:

s/ Katherine A. Crytzer<br>
KATHERINE A. CRYTZER<br>
United States District Judge

---

[2] Plaintiff, too, filed his motion for summary judgment within this extended deadline [*See* Doc. 94]. And the Court receives his motion for summary judgment as timely filed.