UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| CHRISTOPHER STEPHEN JONES, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-9-KAC-DCP |
| FRANK STRADA, SHAWN PHILLIPS, BRETT COBBLE, ALLAN LEWIS, TIM MOONEYHAM, JESSICA BROWN, and ZACK KOCZWARA, | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Before the Court are Plaintiff's (1) "Motion for Extension of Time and Reopening of Discovery to Respond to Defendants' Motion for Summary Judgment" [Doc. 104], (2) "Motion to Toll and Extend Time" [Docs. 110, 111], (3) "Motion to File Summary Judgment Response Under Seal" [Doc. 112], (4) "Motion for Extension of Time" to file his Pretrial Narrative Statement ("PNS") [Doc. 114], (5) "Motion to File Pretrial Narrative Summary Under Seal" [Doc. 116], and (6) "Notice and Motion of Correction to Pretrial Narrative Summary" [Doc. 119]. Defendants oppose Plaintiff's motion to extend time and reopen discovery [*See* Doc. 109]. But they agree to Plaintiff's request for an extension of time to file a PNS, provided that Defendants receive a reciprocal extension [*See* Doc. 126]. The Court addresses each motion below.

**I.   MOTION TO REOPEN DISCOVERY [Doc. 104]**

In his Motion to Reopen Discovery, Plaintiff argues that under Federal Rule of Civil Procedure 6(b), he should be able to reopen discovery and file a later response to Defendants'

motion for summary judgment [*See* Doc. 104 at 1-2]. Plaintiff states that Defendants' summary judgment motion "raise[s] a number of issues which necessitate discovery be reopened to Plaintiff for the express purpose of responding to Defendants' motion" [Doc. 104 ¶ 4]. He maintains that Defendants "volunteer a number of. . . 'facts[]' that Plaintiff though[t] he would only need to rebut at trial" [*Id.* ¶ 3]. Defendants oppose the request, maintaining that (1) Plaintiff has failed to explain his failure to seek discovery within the time permitted; (2) Defendants would be prejudiced by reopening discovery after filing their summary judgment motion; and (3) granting the request would require the Court to reset the trial [*See* Doc. 109].

The deadline to complete discovery in this action was April 7, 2025 [Doc. 77 ¶ 1]. Rule 16 provides that a scheduling order may be modified "only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). Because Plaintiff filed his motion after the discovery deadline passed, Rule 6(b)(1)(B) is also implicated. Rule 6 provides that after a deadline has expired, the moving Party must show "good cause" and that "the party has failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). A party must "demonstrate that he or she diligently attempted to meet the original deadline" to show "good cause[.]" *Gatza v. DCC Litig. Facility, Inc.*, 717 F. App'x 519, 521 (6th Cir. 2017) (citing *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003)).

Here, the Parties had almost three (3) months to conduct discovery after the Scheduling Order was entered, and Defendants maintain that Plaintiff submitted no discovery request to Defendants during that time [*See* Doc. 109 at 2]. Plaintiff has not contradicted this assertion. And he has not demonstrated diligence in attempting to meet the discovery deadline. Therefore, Plaintiff has not demonstrated "good cause."

Nevertheless, even if Plaintiff could show "good cause," he has not shown "excusable neglect." The "excusable neglect" determination is "at bottom an equitable one." *Morgan v.*

2

Case 3:23-cv-00009-KAC-DCP   Document 131   Filed 09/02/25   Page 2 of 6   PageID #: 1343

*Gandalf, Ltd.*, 165 F. App'x 425, 429 (6th Cir. 2006) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).  The Sixth Circuit has identified five non-exhaustive factors to consider in making this equitable determination: (1) the reason for the delay, (2) whether the delay was within the reasonable control of the moving party, (3) any prejudice to the nonmoving party, (4) the length of the delay and its impact on the judicial proceedings, and (5) whether the late-filing party acted in good faith. *Nafziger v. McDermott Int'l, Inc.*, 467 F.3d 514, 522 (6th Cir. 2006).

Here, Plaintiff's excuse for not conducting discovery timely is that he "though[t] he would only need to rebut [certain facts] at trial" [*See* Doc. 104 at 1-2].  But failure to prepare your case before trial is not excusable neglect.  And Plaintiff was in control of his choices regarding discovery.  Defendants would be prejudiced by the extension Plaintiff seeks—they have already spent significant time, effort, and money preparing and filing a motion for summary judgment.  And the time for trial is fast approaching.  These relevant factors thus weigh against the request.  And Plaintiff's status as a pro se prisoner does not mitigate his failures.  Pro se litigants are not exempt from following the discovery process and Federal Rules of Civil Procedure.  *See* E.D. Tenn. L.R. 83.13 ("Parties proceeding pro se shall be expected to be familiar with and follow the Federal Rules of Civil Procedure and these rules.").  Because Plaintiff has not shown "good cause" and "excusable neglect,"[1] the Court **DENIES** his motion [Doc. 104].

---

[1] No Party cites or relies on Rule 56(d) as a basis to consider Plaintiff's Motion.  But liberally construing Plaintiff's motion, Rule 56(d) could provide a source of law to support his request. *See* Fed. R. Civ. P. 56(d).  However, even applying Rule 56(d), Plaintiff's motion would fail because he has not satisfactorily "indicate[d]" to the Court the "need for discovery, what material facts [he] hopes to uncover, and why [he] has not previously discovered the information." *See Doe v. City of Memphis*, 928 F.3d 481, 490 (6th Cir. 2019) (cleaned up).

3

**II.     MOTIONS TO TOLL AND EXTEND TIME [Docs. 110, 111, 114]**

*First*, Plaintiff filed two motions seeking an eight-day extension of the deadline to respond to Defendants' summary judgment motion [Docs. 110, 111]. Plaintiff maintains that his housing facility went into lockdown during his response time and that he lacked access to the relevant "material components" to respond [*Id.*]. This establishes good cause to grant Plaintiff's first motion [Doc. 110]. Accordingly, the Court **GRANTS** Plaintiff's first motion to toll and extend time [Doc. 110] and **DENIES** Plaintiff's second motion [Doc. 111], which is a handwritten version of the first, as moot.

*Second*, Plaintiff seeks to extend the time to file his PNS by a few days due to facility disruptions that prevented him from using the law library [Doc. 114]. Defendants do not substantively oppose [*See* Doc. 126]. With no opposition and a showing of good cause, the Court **GRANTS** Plaintiff's motion [Doc. 114]. *See* E.D. Tenn. L.R. 7.2, Fed. R. Civ. P. 6. The Court receives Plaintiff's PNS [Doc. 117] as timely filed. By reciprocal extension, Defendants' PNS deadline is extended to September 2, 2025.

**III.    MOTIONS TO FILE UNDER SEAL [Docs. 112, 116]**

Plaintiff filed motions to seal his summary judgment response [Doc. 112] and PNS [Doc. 116]. Plaintiff maintains that these documents contain "affidavits from inmates concerning acts of wrongdoing by prison staff"; that they agreed to assist Plaintiff only on the condition that their cooperation "would not bring retaliation upon them or be used against them"; and that their identities, along with the identities of testifying prison staff, "will also need protection from Defendants" [Docs. 112, 116].

Local Rule 26.2 provides that "[e]xcept as otherwise provided by statute, rule, or order, all pleadings and other papers of any nature filed with the Court ("Court records") shall become a part

of the public record of this Court." E.D. Tenn. LR 26.2(a).  As the Sixth Circuit recently put it succinctly:

> Our court has held again and again that '[o]nly the most compelling reasons can justify non-disclosure of court records.'  That does not mean, as CoreCivic asserts here, that '[s]ealing documents is warranted if the interests supporting nondisclosure outweigh the interests supporting access[.]'  To the contrary, the whole point of the 'strong presumption of openness regarding court records' is that—in *every* case where a judicial record is sealed from public view—the interests favoring non-disclosure must be compelling.  Moreover, even when 'a party can show a compelling reason why certain documents or portions thereof should be sealed, the seal itself must be narrowly tailored to serve that reason.'

*Grae v. Corr. Corp. of Am.*, 134 F.4th 927, 931-32 (6th Cir. 2025) (internal citations omitted).  A party seeking to seal records must show a "clearly defined and serious injury" that would result if the judicial records were not sealed.  *Shane Grp., Inc. v. Blue Cross Blue Shield of Mich.*, 825 F.3d 299, 307 (6th Cir. 2016).  "[C]onclusory allegations of injury" are not "sufficient to overcome the presumption in favor of public access."  *In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d 908, 915 (E.D. Tenn. 2009) (citation omitted).

Plaintiff has not met this exacting standard here.  Plaintiff's lawsuit is proceeding on claims that Defendants retaliated against him [*See* Doc. 10 at 30-31].  None of the witness statements Plaintiff filed contain sensitive information beyond the identity of the witnesses him or herself [*See* Doc. 113-2; Doc. 117].  And Defendants are likely already aware of the identify of these individuals [*See* Doc. 113 at 25; 117 at 6].  Further, Plaintiff offers only generalized assertions of anticipated injury from anticipated retaliation, not "specific facts showing clearly defined and serious injury." *See In re Se. Milk Antitrust Litig.*, 666 F. Supp. 2d at 915 (citation omitted).

Accordingly, the Court **DENIES** Plaintiff's motions [Docs. 112, 116].  Within **fourteen (14) days of entry of this Order**, Plaintiff **MUST** (1) advise the Court that he wishes for his PNS and summary judgment response to be publicly filed and considered by the Court or (2) submit

new versions of his PNS and summary judgment response that will be publicly filed.  **The Court WARNS Plaintiff that if he fails to timely comply with this Order, the Court will dismiss this action for failure to prosecute and comply with a court order.** *See* Fed. R. Civ. P. 41(b).

## IV. NOTICE AND MOTION OF CORRECTION TO PNS [Doc. 119]

Finally, Plaintiff filed a notice and motion seeking to correct his PNS to indicate (1) that the date a witness observed a conversation and event was December 21, 2021, and (2) the address of witness [*See* Doc. 119 (referencing Doc. 117)].  Plaintiff's request is well-taken.  The Court **GRANTS** the motion [Doc. 119].  Plaintiff's PNS [*see* Doc. 117] is hereby modified as set forth in Plaintiff's notice and motion [Doc. 119].

**SO ORDERED.**

**ENTER:**

                                                s/ Katherine A. Crytzer
                                                KATHERINE A. CRYTZER
                                                United States District Judge