UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| CHRISTOPHER STEPHEN JONES, | ) |
| Plaintiff, | ) |
| v. | ) No.: 3:23-CV-9-KAC-DCP |
| FRANK STRADA, SHAWN PHILLIPS, BRETT COBBLE, ALLAN LEWIS, TIM MOONEYHAM, JESSICA BROWN, and ZACK KOCZWARA, | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff's "Motion to Revive Party Defendant and § 1983 Claim" [Doc. 137]. For the reasons below, the Court denies Plaintiff's Motion [Doc. 137].

**I.  BACKGROUND**

Plaintiff is a pro se prisoner in the custody of the Tennessee Department of Correction ("TDOC"). He filed an Amended Complaint alleging that certain defendants retaliated against him, conspired to violate his rights, violated his due process and equal protection rights, violated his rights under Tennessee law and TDOC policy, and engaged in conduct that violated various federal statutes [*See*, *generally*, Doc. 9]. When the Court screened Plaintiff's Amended Complaint in compliance with the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, it only permitted his First Amendment retaliation claims to proceed [*See*, *generally*, Doc. 10]. The Court, as relevant here, (1) dismissed Brian Cox as a defendant because Plaintiff "fail[ed] to allege facts connecting Defendant[] . . . Cox with any constitutional wrongdoing";

(2) concluded that Plaintiff failed to allege sufficient facts to support a claim for conspiracy; and (3) concluded that the failure to follow TDOC policy alone did not rise to the level of a constitutional violation [Doc. 10 at 20-23, 29, 30].

Plaintiff then filed a purported Second Amended Complaint, again seeking to raise claims of conspiracy against Cox [Doc. 12 ¶¶ 14, 28-32, 91]. In support of his claims, Plaintiff alleged that Cox conspired with another TDOC employee to remove Plaintiff from his job and in doing so, violated TDOC policies [*Id.* ¶ 30]. The Court screened Plaintiff's Second Amended Complaint, concluded it did not contain enough facts to support a plausible conspiracy claim, and struck it from the record [*See* Doc. 36 at 4].

Plaintiff now asks the Court to again "revive Brian Cox as a party defendant" and add a civil conspiracy claim [Doc. 137 at 1]. To support his Motion, Plaintiff points to an affidavit Cox filed in this action on May 14, 2025, in which Cox stated that he called Plaintiff's supervisor as a courtesy to inform him that Plaintiff was being transferred to a different job [Doc. 99 ¶ 19]. Plaintiff maintains that this evidence now provides the factual specificity required to adequately support his conspiracy claim [Doc. 137 at 1-2]. It does not.

## II. ANALYSIS

As an initial matter, Plaintiff's Motion is untimely. Plaintiff filed his Motion on October 14, 2025, at the earliest [Doc. 137 at 3 ("Dated: October 14, 2025")]. But the motions deadline in this case expired on May 14, 2025 [*See* Docs. 77, 130]. And Plaintiff did not move to reopen the motion deadline or show good cause to do so. *See* Fed. R. Civ. P. 6(b). Therefore, the Motion is untimely and improper.

Even if the Motion were properly filed, it fails on the merits. Federal Rule of Civil Procedure 54(b) recognizes a Court's authority "to reconsider interlocutory orders and to reopen

any part of a case before entry of a final judgment." *See Adkisson v. Jacobs Eng'g Grp., Inc.*, 36 F.4th 686, 694 (6th Cir. 2022) (citation omitted). "Courts will find justification for reconsidering interlocutory orders where there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Louisville/Jefferson Cnty. Metro Gov't v. Hotels.com, L.P.*, 590 F.3d 381, 389 (6th Cir. 2009) (quoting *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004)). But Rule 54(b) motions "may not be used to relitigate old matters." *Bailey v. Real Time Staffing Servs., Inc.*, 927 F. Supp. 2d 490, 501 (W.D. Tenn. 2012) (quotation omitted).

To state a civil conspiracy claim, Plaintiff must plausibly allege (1) the existence of a single plan, (2) a conspiratorial objective shared by the conspirators to deprive Plaintiff of his constitutional rights, (3) and the commission of an overt act. *See Revis v. Meldrum*, 489 F.3d 273, 290 (6th Cir. 2007). The conspiracy must be pled with particularity—vague and conclusory allegations unsupported by material facts are insufficient. *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 564–65 (2007) (holding that allegations must be supported with factual allegations that render the claim "plausible"); *Gutierrez v. Lunch*, 826 F.2d 1534, 1538 (6th Cir. 1987) ("[C]onspiracy claims must be pled with some degree of specificity" and "vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.").

Here, Plaintiff allegedly identifies "new evidence" in the Cox Affidavit [*See* Doc. 137 ¶ 8]. But the "new evidence" he offers is not sufficient to support a claim for civil conspiracy against Cox or others. The fact that Cox called Plaintiff's supervisor as a courtesy before moving Plaintiff to another job is not proof that the two shared a conspiratorial objective to deprive Plaintiff of his rights. *See Huffer v. Bogan*, 503 F. App'x 455, 462 (6th Cir. 2012) (holding that the plaintiff failed to state a conspiracy claim where he "merely described the actions taken by various individual

3

defendants, asserting that their actions were taken in furtherance of a conspiracy," and failed "to include allegations regarding an agreement or shared plan between the individual defendants to violate his civil rights"); *see also Regets v. City of Plymouth*, 568 F. App'x 380, 391 (6th Cir. 2014) (finding unsubstantiated "speculation and conjecture" regarding agreements between various actors "insufficient to establish the existence of an agreement" for a conspiracy claim (citing *Moore v. City of Paducah*, 890 F.2d 831, 834 (6th Cir. 1989)). Accordingly, even with this "new evidence," Plaintiff has not stated a claim for relief under Section 1983. Without that, there is no basis for the Court to grant relief under Rule 54(b).[1]

## III. CONCLUSION

For the reasons above, the Court **DENIES** Plaintiff's "Motion to Revive Party Defendant and § 1983 Claim" [Doc. 137]. The Court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Fed. R. App. P. 24. Therefore, should Plaintiff file a notice of appeal, he is **DENIED** leave to appeal *in forma pauperis*. *See* 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24. Nothing remains of this action. An appropriate judgment shall enter.

**SO ORDERED.**

**ENTER:**

/s/ Katherine A. Crytzer
KATHERINE A. CRYTZER
United States District Judge

---

[1] Further, even if Cox violated a TDOC policy in calling Plaintiff's supervisor or moving Plaintiff to another job, such conduct does not, alone, violate Plaintiff's constitutional rights. *See, e.g., McVeigh v. Bartlett*, No. 94-23347, 1995 WL 236687, at *1 (6th Cir. 1995).

4